## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| **BRITTANY and ROY STEPHANIE** ) | |
| **LEWIS, on behalf of themselves and others** ) | **CIVIL ACTION** |
| **similarly situated, known or unknown** ) | |
| ) | **NO. 4:16-CV-10836-TSH** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | |
| **JK & T WINGS, INC. D/B/A BUFFALO** ) | |
| **WILD WINGS and BW-LEOMINSTER** ) | |
| **LLC D/B/A BUFFALO WILD WINGS,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

_____

### MEMORANDUM ON DEFENDANTS' MOTION TO DISMISS (Docket No. 10)

### March 24, 2017

Plaintiffs Brittany Roy and Stephanie Lewis filed the instant lawsuit on behalf of themselves and similarly situated employees that have worked as servers or bartenders in any of the defendants' JK& T Wings, Inc. and subsidiary BW-Leominster, LLC (d/b/a Buffalo Wild Wings) restaurants within Massachusetts, alleging that the "tip credit" applied against their wages caused them to be paid less than the federal and Massachusetts minimum wage. Plaintiffs seek minimum wages allegedly due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Massachusetts Minimum Fair Wage Law ("MFWL"), Mass. Gen. Laws ch. 151, as well as damages for breach of contract and unjust enrichment. Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that there is no basis in the MFWL

or FLSA for the plaintiffs' claims, and their common law claims of breach of contract and unjust enrichment are preempted by the MFWL.  For the reasons outlined below, this motion is ***denied***.


## Background

Brittany Roy was employed as a server at defendants' Buffalo Wild Wings Leominster restaurant from October 2010 to September 2014, and Melanie Lewis was employed as a server and bartender at the same location from July 2012 to May 2014.  As server and bartender, Roy and Lewis were "tipped employees," paid $2.63 per hour.  In addition to serving customers, they were required to perform "non-tipped" duties that did not involve interaction with customers.  Plaintiffs performed these duties throughout their shifts, as well as in the 30-45 minutes before the restaurant opened and after it closed, when no customers could be present.  Non-tipped work performed by the plaintiffs included cleaning and sweeping the receiving dock, "deck scrubbing" the breakroom floor, cleaning trash cans, taking trash to the dumpster, slicing vegetables and portioning cake in the "back of the house", washing and rolling silverware, melting ice in soda machine ice bins and cleaning the bins, scraping gum off tables and chairs, rolling out floor rugs, cleaning highchairs and booster seats, emptying salt and pepper shakers and running them through the dishwasher, and removing chairs from atop tables and placing them underneath in the mornings, or placing chairs on top of tables after closing.

Defendants used a point-of-sale system to record hours worked by their tipped employees.  While this system had the capacity to record the time servers and bartenders spent on non-tipped work, the defendants did not have it configured to do so.  Plaintiffs claim that defendants collected and analyzed labor cost information from this point-of-sale system, and provided incentive bonuses to managers who met or exceeded labor cost goals.

Plaintiffs allege that the defendants i) violated the Massachusetts Minimum Fair Wage Law ("MFWL"), Mass. Gen. Laws ch. 151 (Count I); ii) breached express and/or implied contracts by failing to pay all wages due (Count II); iii) were unjustly enriched by their failure to pay the plaintiffs for work for which a reasonable person would expect to be paid (Count III); and iv) violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. by requiring plaintiffs to perform non-tipped work that was unrelated to their tipped occupation (a "dual job"), or that exceeded 20% of their time worked in their tipped occupation, while paying them less than federal minimum wage (Count IV).  Defendants moved to dismiss all counts pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that i) MFWL doesn't recognize the "dual job" concept or allow for the application of the DOL's "20% rule"; ii) the common law claims of breach of contract and unjust enrichment are preempted by the relevant statutes; iii) FLSA was not breached because there was no "dual job"; iv) the DOL's "20% rule" is owed no deference and is thus inapplicable; and v) policy interests and practicality preclude the court from stepping in to micromanage established and normative work practices.

## **Standard of Review**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege a claim that plausibly entitles the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 570 (2007). Plausibility does not require probability but "it asks for more than a sheer possibility the defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).  While a complaint "does not need detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).  "The relevant inquiry focuses on the reasonableness

of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio–Hernàndez v. Fortuño–Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

## Discussion

### 1. Fair Labor Standards Act

The FLSA requires that employees receive a minimum wage.  29 U.S.C. § 206(a).  The FLSA also provides a mechanism that permits an employer to credit tips received by "tipped employees" as part of the wage calculation, where a "tipped employee" is one who is "engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."  29 U.S.C. § 203(m), (t).  Where an employee is engaged in two jobs, where one is tipped and the other is not, an employer may only utilize the "tip credit" to make up the minimum wage requirement for work performed in the tipped occupation.  29 C.F.R. § 531.56(e).  The regulation illustrates the distinction, stating that an individual who performs maintenance in a hotel where he also works as a waiter may only be treated as a tipped employee to the extent of the hours that he works as a waiter, and not for hours where he works on maintenance.  29 C.F.R. § 531.56(e).  In contrast, where wait staff or counter service staff perform tasks that are "related" to their tipped work, such as cooking food for counter service, making tables ready for customers, or "toasting bread, making coffee and ***occasionally*** washing dishes or glasses," then the employer is not required to discount such time for the purposes of determining hours of tipped employment.  29 C.F.R. § 531.56(e) (emphasis added).  The Department of Labor ("DOL") Field Operating Handbook further provides "that if a tipped employee spends a substantial amount of time (defined as more than 20 percent) performing related but nontipped work, such as general preparation work or cleaning and maintenance, then the employer may not take the tip credit for the amount of time the employee

spends performing those duties." *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 875 (8th Cir. 2011) (citing DOL Field Operations Handbook § 30d00(e)).

Plaintiffs allege that defendants violated the FLSA by requiring them to routinely perform duties that were unrelated to their tipped employment, and paying them sub-minimum wage, while extending the tip credit provision to such routine and unrelated duties.  In the alternative, plaintiffs argue that, to the extent such tasks are "related" to the position of restaurant server and bartender, they routinely perform these tasks more than 20% of the time they work each week.

Defendants marshal a series of arguments to support their motion to dismiss the plaintiffs' FLSA claim.  First, defendants assert that the plaintiffs' FLSA claim is premised on the "20% rule," a standard promulgated by the DOL in its Field Operations Handbook to which this Court owes no deference due to inconsistencies in the DOL's own treatment of the issue.[1] Notwithstanding the defendants' suggestion that the plaintiffs' arguments with respect to their FLSA claim stand or fall with the DOL Handbook rule making, this is not the case.  This court need not reach the issue of deference owed to the DOL's interpretation of their own regulations because plaintiffs' FLSA claim is soundly based in the allegation that the defendants violated the statute by requiring the plaintiffs to perform work unrelated to their tipped work ("dual jobs") at less than minimum wage, and alleges infractions related to the DOL Handbook's "20% rule" as a secondary allegation.

---

[1] The First Circuit has not yet addressed whether deference is owed to the DOL's Field Operating Handbook, however Circuit courts that have had occasion to do so have deferred to the DOL's "20% rule." *See Romero v. Top-Tier Colorado, LLC*, 2017 WL 892340, at *2 (10th Cir. March 7, 2017); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014); *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 232–33 (5th Cir. 2011); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 877, 879–81 (8th Cir.2011), *cert. denied*, 565 U.S. 1156, 132 S.Ct. 1094 (2012).

Defendants also argue that their employment practice remained within the letter of the regulations with respect to "dual jobs" because the non-tip-generating activities undertaken by wait staff were "related" to their tipped occupation. However, at least some of the tasks listed in the complaint (e.g., mopping floors, cleaning trash cans, sweeping loading dock) fall outside the specific language in the exceptions given in 29 C.F.R. § 531.56(e), thus the complaint states a plausible claim on this basis. Moreover, this court is unwilling to hold at this stage that, as a matter of law, mopping floors, sweeping loading docks, or any other non-tip-generating duties plaintiffs were required to perform, are "related" or "unrelated" to the occupation of restaurant server or bartender.[2]

Finally, defendants cite policy arguments raised in similar cases outside the First Circuit which suggest that it would be impractical to divide up a series of mixed tasks undertaken by wait staff minute-by-minute into those tasks that are and are not related to tip-generating work. This court is aware of the slippery slope presented by an impractical extension of the FLSA into minute-by-minute regulation of the types of tasks ordinarily performed incidentally, or at least seamlessly, within the course of work that is substantively tip-generating. However, at least some of the additional duties plaintiffs allege are regularly required, such as cleaning trash cans and scrubbing floors, might be clearly distinguished as unrelated to the tipped work in the sense expressed in 29 C.F.R. § 531.56(c). Moreover, advances in technology may now permit more sophisticated timekeeping than would have been practical or possible in the past. This court finds nothing to

---

[2] It is worth noting that the Seventh Circuit has described duties similar or identical to those alleged by the plaintiffs as "unrelated" to the tipped duties of a restaurant server. *See Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) ("But of course if the tipped employees also perform non-tipped duties (provided those duties are unrelated to their tipped duties—an important qualification, as we'll see), such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

undermine the reasonableness of the inferences that the plaintiffs draw from the facts alleged.  As such, plaintiffs' FLSA claim (Count IV) cannot be dismissed on the basis of the pleadings.

*2. Massachusetts Minimum Fair Wage Law*

The MWFL provides a tip-credit provision that parallels the FLSA.  Mass. Gen. L. ch. 151. With respect to plaintiffs' allegation that the defendants violated the MFWL, defendants point to the lack of an explicit provision relating to "dual jobs" in the MFWL, suggesting that, as the Massachusetts statute does not recognize dual jobs, the plaintiffs have failed to state a claim.  While Massachusetts statutes and regulations do not specifically detail provisions related to employees performing "dual jobs," in *Black v. Cranwell Mgmt Corp.*, 2009 Mass. Super. LEXIS 431 (Oct. 21, 2009), the court acknowledged the "dual job" issue while following an interpretation consistent with FLSA (29 C.F.R. § 531.56(e)), such that the dual jobs provision would not apply where employees have "related duties" such as wait staff who perform "non-service duties [such] as cleaning tables." *Black*, 2009 Mass. Super. LEXIS 431, at *24, n.16.  Further, while Massachusetts appellate courts have yet to address the issue, this court has no reason to assume that the Massachusetts tip-credit provision would be interpreted any differently than its federal equivalent, as Massachusetts courts have indicated that at least some aspects of the MFWL were "'intended to be essentially identical' to the FLSA," and that "in interpreting the State law, [the court] look[s] to how the FLSA has been construed." *Vitali v. Reit Mgmt. & Research, LLC*, 88 Mass. App. Ct. 99, 103 (2015) (citing *Mullally v. Waste Mgmt. of Mass., Inc.*, 452 Mass. 526, 531 (2008), quoting from *Swift v. AutoZone, Inc.*, 441 Mass. 443, 447 (2004)).  Accordingly, the motion to dismiss is denied with respect to Count I.

### 3. Breach of Contract and Unjust Enrichment

A remedy under common law is preempted where a statute was intended to restrict preexisting common law remedies or where the statute creates a right or duty for which there was no antecedent claim at common law. *Mansfield v. Pitney Bowes, Inc.*, 2013 WL 947191 (D. Mass. Mar. 12, 2013). Common law remedies are not abrogated by statutes unless by "direct enactment or necessary implication." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 55-57 (1st Cir. 2013). "[A] statutory repeal of the common law will not be lightly inferred; the Legislature's intent must be manifest." *Lipsitt v. Plaud*, 466 Mass. 240, 244 (2013) (quoting *Passatempo v. McMenimen*, 461 Mass. 279, 290 (2012)) (internal quotation omitted).

Plaintiffs allege that they entered into an employment relationship constituting an unambiguous contract breached by the defendants, and furthermore that the defendants were unjustly enriched by withholding compensation for work performed non-gratuitously. Defendants argue that the common law claims for breach of implied or express contract and unjust enrichment/quantum meruit arising from the underlying issue are preempted by the MFWL. Plaintiffs assert that their common law claims do not arise not from breach of the statute, which creates a separate cause of action related to minimum wage, but rather from a breach of contract to perform work for tips. Plaintiffs further contend that the common law remedy they seek is for a cause that lies outside the express bounds of the statute, as they are seeking to recover for the time period outside of the applicable statutory time limits for actions relating to minimum wage violations. As defendants fail to provide sufficient support that the MFWL preempts the common law remedies sought, plaintiffs common law claims stand.

## Conclusion

For the reasons set forth above, Defendant's motion to dismiss (Docket No. 10) is ***denied.***


**SO ORDERED.**


*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
